IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODNEY COLLINS,<br><br>                Plaintiff<br>VS.<br><br>BRANDON BRIDGES, *et al.*,<br><br>                Defendants | NO. 5:09-CV-109 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a motion seeking partial judgment on the pleadings. Tab #45. The motion was filed by defendants Anna Green, Rodney Smith, John Jeans, Rose Williams, Shevondah Fields, James Donald, Brandon Bridges, Toni Franklin, Smith Waller, Anthony Dixon, John Napier, Michael Holsey, Counselor Jackson, and Officer King. Plaintiff Rodney Collins was directed to file (Tab #47) and has filed a response (Tab #51) to this motion. The defendants filed a reply. Tab #53. The motion is now ripe for review.

As an initial matter, and notwithstanding the fact that the defendants have titled their motion as one seeking judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the issues and arguments raised therein appear to be more properly classified as requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Indeed, the apparent purpose of the defendants' motion is to narrow the issues raised by the plaintiff in this action by eliminating certain allegedly untenable claims and/or defendants. Upon a review of the record in this case, and because the defendants' arguments can be properly considered under the legal standards governing FRCP 12(b)(6) motions to dismiss, their motion will be considered as such.

**FACTUAL BACKGROUND**

Plaintiff Collins' claims arise out of incidents which occurred on March 15, 2007. On that date, defendant Officer Brandon Bridges allegedly attempted to prevent plaintiff and other inmates from going to chow. Plaintiff and Officer Bridges got into a scuffle during which Bridges allegedly hit the plaintiff above his left eye with a closed fist. Plaintiff then pushed Bridges away. Next, Bridges charged the plaintiff, sending both of them to the floor.

Following this exchange, defendant Lieutenant Michael Holsey approached, grabbed the plaintiff by the arms, and slammed him against the wall. Holsey then slammed him to the floor and started "kneeing, kicking, stomping, and punching plaintiff on his back, side and leg area." As a result, plaintiff purportedly suffered "pain to his right arm/shoulder and back area."

Following Holsey's alleged assault, defendant Sergeant John Napier came up the stairs, grabbed the plaintiff's ankles, and flipped him onto his back. Napier then dragged the plaintiff down two or three flights of stairs. Plaintiff Collins avers that, as a result, he suffered scrapes and abrasions to his shoulder, elbow, and neck.

Plaintiff Collins further alleges that defendants Franklin, Smith, and Dixon watched Holsey and Napier but made no attempt to stop them. He also claims that defendant Deputy Wardens John Jeans and Rose Williams were on notice that Holsey and Napier "engaged in unnecessary and excessive force against prisoners in the past," but that neither took any action to "control [Holsey's and Napier's] behavior."

Collins then goes on to contend that he was charged with insubordination, causing injury to a correctional officer, and failure to follow instructions in a "false" disciplinary report filed by defendant Bridges. He complains that he was improperly subjected to an unfair disciplinary hearing on March 27, 2007, in order to cover up the allegedly unlawful use of force. Plaintiff's disciplinary hearing judge, defendant Lieutenant R. Smith, refused to allow any of plaintiff's witnesses to testify at plaintiff's hearing, was biased, and "pre-decided plaintiff's guilt." Defendants Jackson and Green, the prison counselors who represented plaintiff in his disciplinary hearing, allegedly failed to present a "reasonable defense." Defendant Smith, relying on "the factual statement" and a picture of Bridges taken after the incident, found plaintiff guilty and sentenced him to 28 days isolation, 90 days T.P.M. extension, disciplinary transfer, and issuance of a warrant.

Plaintiff Collins appealed this disciplinary decision to defendant Officer King who "intentionally withheld" plaintiff's appeal past the pertinent deadline in order to prevent the plaintiff from utilizing the appeals process. Plaintiff's subsequent letters to defendant James Donald, former Commissioner of the Georgia Department of Corrections, and defendant Shevondah Fields, Inmate Affairs Manager for the GDOC, went unanswered.

Finally, the plaintiff avers that defendants Jeans, Bridges, Dixon, and Napier conspired to have him arrested on criminal charges that he assaulted Bridges in "a further attempt to conceal their unjustified and unprovoked use of force on plaintiff and to discourage and/or prevent plaintiff from exercising his civil rights." In view of the above, plaintiff Collins asserts numerous violations of his Eighth and Fourteenth Amendment rights, as well as Georgia state law tort claims for assault and battery and intentional infliction of emotional distress. By way of relief, plaintiff seeks damages and expungement of the disciplinary conviction from his prison record.

## **LEGAL STANDARDS**

### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## **DISCUSSION**

In their motion, the defendants assert several arguments in support of their requests for dismissal of certain claims and defendants. These arguments include contentions that (1) the plaintiff's claims against the defendants in their official capacity are not actionable under 42 U.S.C. §1983; (2) that the defendants, in their official capacity, are entitled to immunity under the Eleventh Amendment; (3) plaintiff Collins has failed to state a claim for violations of his due process rights

under the Fourteenth Amendment; ( 4) the defendants are entitled to qualified immunity with regard to the plaintiff's due process claims; and, (5) the plaintiff's state law claims for assault and battery and intentional infliction of emotional distress are barred by the Georgia Tort Claims Act. The undersigned will address these contentions in turn.

## OFFICIAL CAPACITY / ELEVENTH AMENDMENT IMMUNITY

As an initial matter, the undersigned notes that it is well established that claims for damages brought against government actors in their official capacities pursuant to 42 U.S.C. §1983 are not permitted because such individuals, in their official capacity, are not persons within the statutory meaning of §1983. *See **Will v. Michigan Dept. of State Police***, 491 U.S. 58 (1989). For this reason, and to the extent that plaintiff Collins asserts claims against the individual defendants in their **official capacities**, the claims are improper. Accordingly, **IT IS RECOMMENDED** that these claims be **DISMISSED**.

## DUE PROCESS CLAIMS

For purposes of this analysis, the plaintiff's due process claims at issue are those which arose during the prison disciplinary proceedings described above. These claims involve, *inter alia*, the plaintiff's ability to call witnesses, ability to present evidence, access to representation, and ability to appeal adverse decisions. Had these purported deprivations occurred in the context of a criminal prosecution, they would likely be sufficient to state a claim and overcome the defendants' request for dismissal. However, because these alleged claims stemmed from and/or arose during prison disciplinary proceedings, and because the result of these proceedings did not lead to any constitutionally violative deprivations of the plaintiff's procedural or substantive due process rights such as a loss of good time credits or parole eligibility, such is not the case. See *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), *Meachum v. Fano,* 427 U.S. 215, 224 (1976), *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

As a result, and because it is clear that the plaintiff has failed to sufficiently state any Fourteenth Amendment due process claims stemming from events surrounding the prison disciplinary proceedings, **IT IS RECOMMENDED** that these claims be **DISMISSED**. Moreover, and because the above claims constitute the only claims against defendants Anna Green, Rodney Smith, Shevondah Fields, James Donald, Counselor Jackson, and Officer King, **IT IS FURTHER RECOMMENDED** that these defendants be **DISMISSED** from this action. In view of the above conclusions, further consideration of the defendants' arguments involving their entitlement to qualified immunity with respect to these due process claims is unnecessary.

## STATE LAW CLAIMS

The defendants' remaining argument involves the propriety of the plaintiff's tort claims of assault and battery and intentional infliction of emotional distress arising under Georgia's state law. According to the defendants, these claims are due to be dismissed as barred by the Georgia Tort Claims Act. After reading and considering the defendants's arguments on this point, it appears to the undersigned that, with regard to the state law claims alleged against the defendants in their official capacity, the defendants are correct.

That said, according to Article 1, Section 2, Paragraph 9 of the Georgia Constitution, officers and employees of the state or its departments and agencies, in their individual capacity, may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions *and* may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Stated differently, Georgia's law, including the tort claims act, does not appear to completely insulate from liability individuals employed by the state or its agencies who allegedly caused injuries through the intentional commission of torts. For this reason, and at this rather early stage in these proceedings, the undersigned cannot agree that complete dismissal of the plaintiff's state law claims is appropriate. That said, and upon a review of the record in this case, **IT IS RECOMMENDED** that the plaintiff's state law claims be allowed to proceed but only against those defendants who, in their individual capacity, allegedly violated the plaintiff's Eighth Amendment Rights, to-wit: defendants Bridges, Dixon, Franklin, Smith-Waller, Napier, Holsey, Jeanes, and Williams.

# CONCLUSION

To summarize, the undersigned **RECOMMENDS** that all of the plaintiff's official capacity and Fourteenth Amendment due process claims, as well as defendants Anna Green, Rodney Smith, Shevondah Fields, James Donald, Counselor Jackson, and Officer King be **DISMISSED**. The undersigned further **RECOMMENDS** that the plaintiff's individual capacity Eighth Amendment and state tort law claims against defendants Bridges, Dixon, Franklin, Smith-Waller, Napier, Holsey, Jeanes, and Williams be allowed to proceed.[1]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 21st day of MAY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] While this recommendation, if adopted, allows many of the plaintiff's claims to proceed, the undersigned feels compelled to advise the plaintiff that, should the remaining defendants subsequently file a motion seeking summary judgement, he cannot rest on his pleadings to present an issue of fact but must make a response by timely filing affidavits, depositions, or otherwise in support of his claims and in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.