# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RODNEY COLLINS, :
:
    **Plaintiff,** :
:
v. : Civil Action No.
: 5:09-cv-109 (HL)
BRANDON BRIDGES, et al., :
:
    **Defendants.** :
_____:

## ORDER

Before the Court is the Recommendation (Doc. 64) entered on May 21, 2010, of United States Magistrate Judge Claude W. Hicks, Jr., in which the Magistrate Judge recommends that: (1) Plaintiff's official capacity claims against the Defendants be dismissed; (2) Plaintiff's Fourteenth Amendment Due Process claims be dismissed and Defendants Anna Green, Rodney Smith, Shevondah Fields, James Donald, Counselor Jackson, and Officer King be dismissed since the only claims asserted against them are Due Process claims; (3) Plaintiff's state law tort individual capacity claims against Defendants Bridges, Dixon, Franklin, Smith-Waller, Napier, Holsey, Jeanes, and Williams ("the remaining Defendants") be allowed to proceed; and (4) that Plaintiff's Eighth Amendment claims against the remaining Defendants be allowed to proceed. The Defendants have filed an objection to the Recommendation (Doc. 65).

For the following reasons, the Court accepts in part and rejects in part the

Magistrate Judge's Recommendation. The Court agrees with the recommendations 1, 2, and 4. Accordingly, the Court adopts those portions of the Recommendation. The Court rejects recommendation 3. The state law individual capacity claims are dismissed.

The Court will not summarize the factual background of this case. It incorporates into this order the factual background written in the Recommendation.

I.   **ANALYSIS**

Plaintiff has raised state tort claims of assault, battery, and intentional infliction of emotional distress. Relying on a Georgia constitutional provision, the Recommendation states that Georgia has appeared to waive its sovereign immunity for torts committed with malice and for that reason, Plaintiff's state tort law claims should be allowed to proceed against the remaining Defendants. The Court disagrees with this reasoning and conclusion of the Recommendation.

The constitutional provision cited in the Recommendation includes a qualifying provision, which states that the immunity waiver exists "except as specifically provided by the General Assembly in a State Tort Claims Act." GA. CONST. art. I, Sec. II, Par. IX(d).

"[B]oth the provisions of the [Georgia Tort Claims Act ("GTCA")] and the case law interpreting it demonstrate that the Act provides immunity from liability for torts committed during a state employee's performance of official duties without regard to intent or malice." Ford v. Caffrey, 666 S.E.2d 623, 626 (Ga. Ct. App. 2008)

(citation and quotations omitted). Stated differently,"[d]espite allegations that [individual employee's] actions were motivated by malice and ill-intent" the individuals are entitled to immunity under the GTCA. Edmonds v. Bd. of Regents of Univ. Sys. of Ga., 689 S.E.2d 352, 359 (Ga. Ct. App. 2009) (citation omitted). Thus, because the GTCA does not waive immunity for Plaintiff's state law claims against the remaining Defendants, his state law claims must be dismissed.

An alternative basis for dismissal of Plaintiff's assault and battery claims is that the GTCA specifically provides that the state of Georgia shall be immune for assault and battery claims. Ga. Code Ann. § 50-21-24(7) ("The state shall have no liability for losses resulting from: assault, battery . . . .). Moreover, Plaintiff's claim for intentional infliction of emotional distress is also barred by § 50-21-24(7) because his emotional distress arose out of the assault and battery allegedly committed against him. See Davis v. Standifer,621 S.E.2d 852, 857 (finding that a claim for extreme mental and emotional anguish arose out of an assault and battery, fell within § 50-21-24(7) and therefore was barred by sovereign immunity).

Finally, there is an another reason for dismissing Plaintiff's state law tort claims. The GTCA provides that Georgia's waiver of sovereign immunity applies only to actions brought in Georgia state court. The waiver does not apply if the action is brought in federal court. Ga. Code. Ann. § 50-21-23(b) ("The state waives its sovereign immunity only to the extent and in the manner provided in [the GTCA] and only with respect to actions brought in the courts of the State of Georgia. The

state does not waive any immunity with respect to actions brought in the courts of the United States."); see also Robinson v. Georgia Dept. of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (holding that Georgia's waiver of sovereign immunity in its state courts does not waive its Eleventh Amendment immunity in federal court). Thus, Since Georgia has not waived its immunity for claims brought in federal court, Plaintiff's state tort law claims must be dismissed.

## II. CONCLUSION

For the explained reasons, the Court adopts the Magistrate Judge's Recommendation in part, but rejects it in part. Plaintiff's state law claims are dismissed, as are his official capacity and Fourteenth Amendment due process claims. Defendants Green, Smith, Fields, Doland, Jackson, and King are dismissed.

The only claims not dismissed are Plaintiff's Eighth Amendment individual capacity claims against the remaining Defendants.

**SO ORDERED**, this the 21st day of July, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc