IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RODNEY COLLINS,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 5:09-cv-109 (HL) |
| v. : | |
| : | |
| **BRANDON BRIDGES, et al.,** : | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 96). This Motion marks Plaintiff's fifth request for counsel, and the Motion is denied.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). It is within the court's discretion to appoint counsel for civil plaintiffs unable to retain an attorney on their own, but appointment is appropriate "only in exceptional circumstances." Id. These exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).

In this case, neither the facts nor the legal issues are complicated enough to justify the appointment of counsel. To the contrary, Plaintiff has represented himself pro se since the start of this case in March 2009. Since then, he has navigated through a Motion for Judgment on the Pleadings (Doc. 43), as well as

a Motion for Summary Judgment (Doc. 75). By surviving these dispositive motions, Plaintiff has proven to the Court that he is able to articulate the facts and legal issues to the Court with clarity. Thus, the Court is unconvinced that the Plaintiff's case involves the kind of "exceptional circumstances" that would merit appointment of an attorney.

**SO ORDERED,** this 22nd day of November, 2011.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr